**SO ORDERED.**

**SIGNED this 02 day of October, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

CHRISTOPHER JAMES MEREDITH,                    Case No. 09-002872-8-JRL
                                                Chapter 13
    DEBTOR

## ORDER GRANTING MOTION FOR VALUATION

This matter is before the court on the Motion of Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") for valuation of its collateral. On September 23, 2009, the court conducted a hearing on the matter in Wilmington, North Carolina.

On April 7, 2009, the debtor filed for relief under Chapter 13 of the Bankruptcy Code. On September 18, 2002, the debtor purchased a 1998 Redman Parker manufactured home bearing serial number 13908184AB located at 1077 Lizzie Henry Road, Ivanhoe, NC 28447, for $77,126.00. In addition to the manufactured home, the loan is also secured by the 7.44 acre tract to which the home is affixed, and an adjacent tract of approximately 17.3 acres. Vanderbilt objects to the debtor's valuation of its collateral.

At the hearing, Joseph Burke, a home appraiser whom the court certified as an expert, testified on behalf of Vanderbilt. The appraiser established that the market value of the mobile home and the real property as of June 13, 2009, is $96,000, based on valuation trends and an

analysis of the neighborhood data. The appraiser established that there were no homes in the subject area with which to compare the debtor's home due to lack of sales in the community. Therefore, his valuation was based on comparables of sales of manufactured homes in adjacent rural locations; adjustments were made for the individual sites based upon tax value, square footage and amenities.

The debtor also testified before the court. He established that the mobile home was purchased on September 18, 2002, for $77,126.00. According to the debtor, the collateral should be valued at $43,433.00. He asserts that the mobile home should be valued at $22,000 based on the age and location of the home. The 7.44 acres tract of land on which the mobile home is located on should be valued at $12,195.00 and the adjacent unimproved and unused tract of land should be valued at $9,238.00.

The court finds that the appraiser's testimony is credible. The appraiser made adequate adjustments to the comparables to account for the difference in location and features. The appraiser did not take into account that the forest fire on the adjacent land and repairs necessary to the mobile home diminish the value. Still, any offsets leave the property valued in excess of the claim.

Based on the foregoing, Vanderbilt's claim will be treated as being fully secured in the amount of $78,749.00. The Chapter 13 Plan may be modified or extended as necessary to satisfy the claim.

END OF DOCUMENT